REDMANN, Judge,
dissenting.
If plaintiff had given some explanation[1] of the facially fraudulent receipt and a jury had believed it, the jury’s determination (especially because on credibility) should stand. But that didn’t happen.
The only defect of the receipt called to the jury’s attention was that the bottom line was cut off. The jury could have supposed that the electronic cash register erred, and chopped a receipt off the roll of tape a half-inch too short. We could not reverse a jury for believing that plaintiff was but a victim of coincidence in that he dropped the tools in a manner generating suspicion on the one-in-a-million occasion when he got a shortened receipt.
The jury was not told that the cutting at the second-to-last line of the tape was so irregular that it appears impossible to have been done by the cash register.[2] And plaintiff gave no explanation.[3] Thus the jury did not make any credibility determination.
One might nevertheless conclude that defendant should lose the case because defendant should have forced the credibility determination upon the jury by raising the issue. The trouble with that conclusion is not so much that it would allow a fraud to be perpetrated against the individual de *1311 fendant (bad; C.C.P. 2164), but that it allows a fraud to be perpetrated upon the court to cause the court to join in fraudulent injustice to the defendant.
Proper administration of justice requires a remand and retrial to allow plaintiff to explain the condition of the tape. In the absence of a remand, the judgment should be reversed because, more probably than not, the one piece of objective evidence supporting it is fraudulent evidence.

. If, for example, plaintiff had testified that he did show the guards the receipt and that they crudely cut off the time to damage his evidence while returning his receipt, we might deem such an explanation highly improbable but we could not reverse the jury’s acceptance of it.

. The testimony and four sample tapes show that the register prints a last line after the total, containing a transaction number and the time, and then cuts the tape off the roll in a straight line at right angles to the side of the tape, all automaticaily. Plaintiffs tape is cut off not in a straight line, and at other than a right angle, immediately after the total.

. In the absence of some other plausible explanation, the most likely inference is that plaintiff (or another for him) returned to the store after he was released from jail, bought items with the identical prices to fabricate a dated cash register receipt, and then hand-cut the tell-tale last line showing the time off the bottom.